IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-135-FL

| | | |
|---|---|---|
| NORTHERN CAROLINA SUPPORTED EMPLOYMENT; SENECA NICHOLSON; and ALAN PITTS, | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' motion for emergency preliminary injunction (DE # 9) and plaintiffs' motion to seal a supplement to their amended complaint (DE # 11). Also before the court is the memorandum and recommendation ("M&R") entered by United States Magistrate Judge Robert B. Jones Jr. pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) (DE # 12). The magistrate judge recommends that the court dismiss plaintiffs' amended complaint, filed *in forma pauperis*, under 28 U.S.C. § 1915(e)(2), and deny as moot the motion to seal. No objections to the M&R have been filed, and the time within which to make any objection has expired.[1] In this posture, the issues raised are ripe for ruling. For the reasons that

---

[1] Plaintiffs did file a compact disc containing a number of documents, presumably in response to the M&R, within the period allowed for objections. Whether that filing may be construed as an objection is discussed more particularly elsewhere in this order. The court notes that plaintiffs also moved to seal that filing and requested a hearing on their pending motion for emergency preliminary injunction (DE # 19). The court provisionally denied the request for hearing and provisionally allowed the motion to seal the compact disc, pending the court's review of the filing. Upon further review of the filing, the court confirms that the request for a hearing is DENIED. The motion to seal the compact disc now also is DENIED where the filings contained thereon appear to contain only non-confidential correspondence, public records, and newspaper articles.

follow, the court adopts in part the recommendation of the magistrate judge, dismisses plaintiffs' complaint, and allows plaintiffs' motion to seal the first supplement to their amended complaint.

## BACKGROUND

On April 5, 2010, *pro se* plaintiffs moved for leave to proceed *in forma pauperis*, attaching a proposed complaint and a motion for emergency preliminary injunction to this initial filing. The motion for leave to proceed *in forma pauperis* was referred to the magistrate judge, who on May 3, 2010, informed plaintiffs of certain deficiencies in their applications. Plaintiffs amended their motions on May 11, 2010, and moved for leave to amend their proposed complaint. On August 21, 2010, the magistrate judge allowed both motions, and plaintiffs' proposed amended complaint was accepted for filing by the clerk.

The amended complaint sets forth a number of claims arising under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Civil Rights Act of 1871, 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794, and state law. Plaintiffs Nicholson and Pitts are African-Americans who serve as the managers and sole shareholders of plaintiff North Carolina Supported Employment ("NCSE"), an organization providing occupational rehabilitation services and job placement for individuals with disabilities. Defendants are the North Carolina Department of Health and Human Services ("DHHS"), the Division of Vocation Rehabilitation within the Henderson Office of DHSS, and a number of state actors, many of whom are employed by DHSS at the Henderson Office. As noted by the magistrate judge, the crux of plaintiffs' complaint is that defendants have attempted to force NCSE out of business by refusing to refer clients to NCSE or make payments on invoices submitted by NCSE.

2

On June 3, 2010, plaintiffs filed a second motion for emergency preliminary injunction. On July 22, 2010, plaintiffs filed a motion to seal and to supplement the record. These motions were referred to the magistrate judge, who entered his M&R on August 21, 2010. As noted, the magistrate judge recommends dismissing plaintiffs' amended complaint under 28 U.S.C. § 1915(e)(2) and denying as moot the motion to seal. The magistrate judge found that plaintiffs' allegations invoking federal law failed to state claims on which relief could be granted, and recommended that the court decline to exercise jurisdiction over the accompanying state law claims.

Plaintiffs twice moved for and received extensions of time to object to the M&R, but did not file objections within the time allotted. However, on October 27, 2010, the day by which their objections were due, plaintiffs filed a compact disc containing a number of documents, including correspondence between plaintiffs and various state and federal entities, property records, a newspaper article, and a list of other community rehabilitation programs. The court provisionally placed these materials under seal, but as noted herein now denies plaintiffs' request to seal these documents. Additionally, the court denied a corresponding request for a hearing on the motion for emergency preliminary injunction.[2]

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* only those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific

---

[2] The court notes that defendants have yet to be heard in this matter, as they have not yet been served with summonses and copies of the complaint.

3

error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Before turning to its review of the magistrate judge's M&R, the court first considers whether the documents on the compact disc may be considered timely-filed objections. As noted, these documents include items of correspondence, public property records, a newspaper article, and a list of community rehabilitation programs in North Carolina. Nothing in these documents is responsive to the specific infirmities identified by the magistrate judge, and as such they fail to "direct the court to a specific error in the [M&R]." See Orpiano, 687 F.2d at 47. Accordingly, these documents are not properly treated as objections to the M&R, and the court reviews the magistrate judge's analysis for clear error. See Diamond, 416 F.3d at 315.

B. Analysis

The magistrate judge analyzed plaintiffs' amended complaint under 28 U.S.C. § 1915, which directs the court to dismiss "at any time" a claim brought *in forma pauperis* if "the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if it does not contain "sufficient factual matter, accepted as true, to state a

4

claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). In evaluating a complaint under § 1915, the court may *sua sponte* raise affirmative defenses that appear on the face of the complaint. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 959-60 (4th Cir. 1995) (en banc) (citing Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983)).

1. Claims Barred By Sovereign Immunity

Plaintiffs bring two causes of action against the DHHS and the Division of Vocational Rehabilitation: breach of contract and violation of an executive order. That magistrate judge found these claims to be barred by the Eleventh Amendment. As the magistrate judge noted, the Eleventh Amendment prohibits lawsuits by private citizens seeking any kind of relief against a State in federal court. See Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). This bar applies equally to state agencies such as DHHS and the Division of Vocational Rehabilitation. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984); see also P.R. Aqueduct & Sewer Auth., 506 U.S. at 146; Alabama v. Pugh, 438 U.S. 781, 782 (1978). Because North Carolina has not waived its sovereign immunity from suit in federal court for these actions, see, e.g., Hooper v. North Carolina, 379 F. Supp. 2d 804, 812 (M.D.N.C. 2005); Stewart v. Hunt, 598 F. Supp. 1342, 1351 (E.D.N.C. 1984), the magistrate judge properly recommended dismissal of these claims against the State.

Plaintiffs also bring a number of causes of action against employees of DHHS. The magistrate judge properly recommended dismissal of the state law claims against these individuals in their official capacities for the reasons already given. See Pennhurst, 465 U.S. at 102 ("[A] suit against state officials that is in fact a suit against a State is barred [by sovereign immunity] regardless

5

Case 5:10-cv-00135-FL Document 22 Filed 11/12/10 Page 5 of 13

of whether it seeks damages or injunctive relief."). The magistrate judge also properly recommended dismissal of those aspects of the federal law claims by which plaintiff seek monetary damages against these defendants in their official capacities. See Guardians Assn'n v. Civil Serv. Comm'n of N.Y., 463 U.S. 582, 604 (1983); Montgomery v. Maryland, 266 F.3d 334, 340 (4th Cir. 2001). The magistrate judge did not recommend dismissal on Eleventh Amendment grounds of the federal claims insofar as they seek prospective relief. See generally Ex parte Young, 209 U.S. 123 (1908). Nor did he recommend dismissal of the claims against defendants in their individual capacities on grounds of qualified immunity, because it was not obvious from the face of the complaint that such an affirmative defense applies to those claims. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (holding that individual governmental officials are immune from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known").

The magistrate did not err in his analysis of the defenses of sovereign immunity and qualified immunity as applied to the claims and allegations appearing on the face of plaintiffs' complaint. For the reasons given by the magistrate judge, all claims against defendants DHHS and the Division of Vocational Rehabilitation are properly dismissed. Plaintiffs' state law claims against the other defendants in their official capacities are likewise dismissed, as are the federal law claims seeking monetary damages against these defendants in their official capacities. The court turns now to the magistrate judge's analysis of the remaining claims against defendants.

2. RICO Claim

Plaintiffs allege a civil RICO claim against defendants Agingu, Alston, Thompson, and Person in both their individual and official capacities. As relevant here, RICO prohibits individuals employed by or associated with certain covered enterprises from "participat[ing], directly or

indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c); see also id. § 1962(d) (prohibiting conspiracy to violate § 1962(c)). Plaintiff alleges that the defendants named above have engaged in illegal acts of extortion, conspiracy, and obstruction of justice.

As the magistrate judge noted, RICO is "a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." US Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317 (4th Cir. 2010) (quoting Gamboa v. Velez, 457 F.3d 703, 705 (7th Cir. 2006)). As such, the court must exercise particular caution when faced with a RICO claim. Menasco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir. 1989). Here, the magistrate judge properly exercised that caution in noting that plaintiffs' RICO action was inappropriate on a number of grounds. For example, the magistrate judge rightly noted that plaintiffs have failed to allege conduct that may be generally classified as "extortionate," and their allegations are do not support the inference that defendants attempted to obtain property by inducing plaintiffs' consent. See generally Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393 (2003). Moreover, the magistrate judge noted that plaintiffs' allegations did not establish the continuity of conduct needed to support a RICO claim.[3] As such, the magistrate judge correctly recommended dismissal of the RICO claim.

3.  Section 1981 Claim

Plaintiffs allege that defendants Agingu, Klah, Thompson, Jones, Person, and Pace violated

---

[3] "To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity." H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 240 (1989) (emphasis in original). Continuity may be shown by either "a closed period of repeated conduct, or . . . past conduct that by its nature projects into the future with a threat of repetition." Id. at 241. The magistrate judge noted that plaintiffs' allegations do not support an inference of closed continuity because the allegations involve "a single scheme perpetrated . . . against a single victim." Flip Mortg. Corp. v. McElhone, 841 F.2d 531, 538 (4th Cir. 1988). The magistrate judge noted that the allegations also did not support an inference of open continuity because the demise of NCSE acts as a "built-in ending point" that is "closely related to the [alleged] extortion." US Airline Pilots, 615 F.3d at 319 (rejecting open-ended continuity for a claim alleging that the defendants had "engaged in racketeering activity to achieve a single goal: 'to destroy [plaintiff] and render it incapable of discharging its legal duty . . .'").

7

plaintiffs' rights to make and enforce contracts in the same manner as non-minority citizens. Plaintiffs bring this claim under § 1981, but "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989). The magistrate judge would hold that the defendants named by plaintiffs in their § 1981 claim are state actors, regardless of whether they are sued in their official or individual capacities. See Victors v. Kronmiller, 553 F. Supp. 2d 533, 543 & nn.9-10 (D. Md. 2008); accord Felton v. Polles, 315 F.3d 470, 481-82 (5th Cir. 2007), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). This holding is not clearly erroneous, and the court will dismiss plaintiffs' claims brought under § 1981. Because plaintiff also has alleged that defendants' conduct constitutes a violation of § 1983, the court turns next to the magistrate judge's analysis of the claim thus constituted.

4.  Section 1983 Claims

Plaintiffs allege that defendants Agingu, Klah, Alston, Thompson, Jones, Person, and Pace deprived them of their due process, equal protection, and contractual rights on the basis of plaintiffs' race, in violation of § 1983. To state a cause of action under § 1983, plaintiffs must allege "(1) that the defendant was acting under color of state law in the actions complained of; and (2) that the defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." Clark v. Link, 855 F.2d 156, 161 (4th Cir. 1988). With respect to the first prong, the magistrate judge found that the complaint properly alleges that defendants, as employees of the State exercising their official duties, were acting under color of state law. See West v. Atkins, 487 U.S. 42, 49 (1988). The second prong requires a claim-specific analysis.

8

Plaintiffs' equal protection claim, which was also the impetus for the attempted § 1981 claim, was evaluated by the magistrate judge under the framework developed for Title VII cases. See Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004); see also Randle v. LaSalle Telecomms., Inc., 876 F.2d 563, 568 (7th Cir. 1989) (applying Title VII framework in a § 1981 case involving a minority-owned business with contracts with the City of Chicago). In the context presented here, the magistrate judge stated that under the Title VII framework, plaintiffs must show that NCSE (1) is a member of a protected class, (2) suffered an adverse action, (3) was qualified, and (4) was treated differently than similarly-situated non-minority entities. See generally McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

The magistrate judge found that plaintiffs' equal protection claim failed to provide this *prima facie* showing because plaintiffs had not alleged that similar-situated non-minority entities were treated any differently. Specifically, the magistrate judge noted that plaintiffs had alleged only that NCSE was treated differently than Work Force Solutions, but had failed to state whether that company was a non-minority owned and operated company. Where plaintiffs have raised no objection, the court does not find that the magistrate judge clearly erred, and will uphold the recommendation of dismissal of this claim.[4]

Plaintiffs' due process claim alleges a violation of their Fifth and Fourteenth Amendment rights to due process. As the magistrate judge noted, this claim is subject to dismissal for failure to

---

[4] Plaintiffs alleged that NCSE is the only historically underutilized business ("HUB") operating in the field of supported employment services in their five-county service area. (Am. Compl. 1 n.1.) A business may qualify as an HUB if 51% of the business is owned by certain enumerated minority groups and the management and daily business operations are controlled by one or more owners of the business who are members of one of those same enumerate minority groups. See N.C. Gen. Stat. § 143-128.4. Thus, plaintiffs' allegation may suggest that Work Force Solutions is not minority owned and operated. However, because an organization must register with and be certified by the State to be treated as an HUB, see id. § 143-128.4(e), Work Force Solutions and its owners and operators may in fact qualify as "minorities" for purposes of the McDonnell-Douglas framework without participating in the state's HUB program. Plaintiffs have not objected to the magistrate judge's recommendation to dismiss this claim, and there is no basis for this court to find the magistrate judge's determination "clearly erroneous." Where dismissal of this claim will be without prejudice, it appears plaintiffs may be able to correct their pleadings to make out an equal protection claim.

specifically address the nature of the due process violation alleged to have occurred. See Iqbal, 129 S. Ct. at 1949 (holding that a pleading that only offers labels or legal conclusions fails to state a claim). However, the magistrate judge attempted to liberally construe plaintiffs' claim as a procedural due process claim alleging a deprivation of property. Even so construed, the magistrate judge properly found that plaintiffs had failed to allege that NCSE's contract with the State was a property interest protected by procedural due process. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person must . . . have a legitimate claim to entitlement to it."); id. ("Property interests . . . stem from an independent source such as state law . . . ."); 10A N.C. Admin. Code 89D.0204(b)(2), (3) (noting that DHHS does not guarantee utilization of or a pre-set dollar commitment to community rehabilitation services). Finally, even assuming that the contract created a property right, the magistrate judge properly noted that a simple breach of that contract does not support an action under § 1983. See Coastland Corp. v. County of Currituck, 734 F.2d 175, 178 (4th Cir. 1984). Plaintiffs' due process claim is therefore rightfully dismissed.

5.  Miscellaneous Claims

The magistrate judge noted that plaintiffs have invoked Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 794, as bases for jurisdiction, but have not raised any factual allegations or purported to make any claim under these statutes. The magistrate judge nevertheless analyzed plaintiffs' complaint as though it had alleged causes of action under these statutes, and the court is satisfied that the magistrate judge fairly and accurately analyzed the claims thus construed. See Jane v. Bowman Gray Sch. of Med.-N C. Baptist Hosp., 211 F. Supp. 2d 678, 690 (M.D.N.C. 2002) (analyzing Title VI claim using Title VII framework discussed above); cf. Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997) (Luttig, J.,

concurring) ("[T]he district court [does not have] an obligation to *sua sponte* raise and address any and every claim that might arguably be presented by the facts as presented.").

6. Pendent State Law Claims

In light of the recommended dismissal of all of plaintiffs' federal claims, the magistrate judge recommended the court decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."); see also Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."). The court agrees with the magistrate judge. Convenience and fairness to the parties, the existence of state-law claims abrogated by sovereign immunity in federal court which might possibly instead be brought in state court (e.g., plaintiffs' breach of contract claim against DHHS), and considerations of judicial economy all dictate declining supplemental jurisdiction. As such, the pendent state law claims are also dismissed at this time.

C. Nature of Dismissal

A dismissal of a claim as "frivolous" under § 1915(e)(2)(B)(i) generally must be without prejudice. See Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004). However, here the court has dismissed plaintiffs' claims under § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted. Under Rule 12(b)(6), a dismissal for failure to state a claim is generally made with prejudice, although the court has the discretion to dismiss without prejudice under that rule. See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009).

Because plaintiffs may be able to cure some of the defects in their claims against the individual defendants, the court will exercise its discretion to dismiss these claims without prejudice.

11

The court likewise dismisses without prejudice those claims barred by sovereign immunity. See Haddad v. Va. Polytechnic Inst. & State Univ., 153 F.3d 720, 1998 WL 480738 *1 (4th Cir. Aug. 6, 1998) (unpublished table decision) (modifying district court's order dismissing claims to be without prejudice because "the Eleventh Amendment barred the district court from exercising jurisdiction over the claim"). Plaintiffs may be able to bring these claims, which cannot be heard in federal court, in North Carolina state court.

D.      Motion to Seal

Plaintiffs have moved to seal a supplement to their amended complaint because it contains confidential client information. The magistrate judge recommends denying this motion as moot. Because the docket may still be accessible after this matter is closed, the court nevertheless proceeds to the merits of the motion to seal. The supplemental materials do appear to reference specific clients, albeit not by name. In an abundance of caution, the court will take this information under seal and grant plaintiffs' motion.

## CONCLUSION

For the foregoing reasons, upon a considered review of the M&R, to which no objections have been made, the court finds no clear error in the magistrate judge's analysis of plaintiffs' claims. As such, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 12) as its own insofar as they are consistent with this order, and DISMISSES without prejudice plaintiffs' amended complaint. The court also DENIES plaintiffs' motion for an emergency preliminary injunction (DE # 9) and plaintiffs' motion for a hearing and motion to seal (DE # 19).

Plaintiffs' motion to seal the supplement to their amended complaint (DE # 11) is ALLOWED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of November, 2010.

*Louise W. Flanagan*
LOUISE W. FLANAGAN
Chief United States District Court Judge

13